NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | Civil Action No. 07-5432 (SRC)(MAS) |
| | District Judge Stanley R. Chesler |
| Plaintiff, | |
| v. | |
| SPRINT NEXTEL CORPORATION, | **OPINION** |
| Defendant. | |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court on Defendant Sprint Nextel's ("Defendant") Motion for a More Definite Statement (Rule 12(e) motion).

## II. BACKGROUND

On November 9, 2007, Plaintiff Digital Technology Licensing LLC ("Plaintiff" or "DTL") filed a Complaint against Defendant, alleging direct, contributory, and/or inducement patent infringement by Defendant on claim 20 of DTL's '799 patent. (Compl. ¶ 9, November 9, 2007.) On January 24, 2008, Plaintiff filed an Amended Complaint, naming categories of products that allegedly infringe. (Am. Compl. ¶ 9, January 24, 2008.) On February 29, 2008, Defendant filed a Motion for a More Definite Statement, claiming that Plaintiff's Complaint is "unintelligible and ambiguous in failing to give proper notice...of what conduct is claimed to constitute patent infringement" (Def.'s Mem. in Supp. 1, February 29, 2008.) Defendant claims

that it is unable to respond to Plaintiff's Complaint "without suffering prejudice or undue burden." (*Id.* at 5.)

There are essentially three prongs to Defendant's argument. The first is that Plaintiff never specified precisely which type of infringement it was accusing Defendant of - direct, contributory, or induced. (*Id.* at 5-8.) The relevant portion of the Complaint reads:

> Sprint/Nextel has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 patent, by selling and offering to sell products and by using and inducing others to use, sell, offer to sell, products that come within the scope of claim 20 of the '799 Patent.

(Am. Compl. ¶ 9.)

The second prong of Defendant's argument is that "there is no connection" alleged in the Complaint between the "Digital Output Transducer" and the "exemplary products" listed in the Complaint. (Def.'s Mem. 3.)

The third prong of Defendant's argument is that Plaintiff does not allege with sufficient specificity which products infringe on Plaintiff's patent. The relevant portion of the Complaint reads:

> Upon information and belief, such products include, but are not limited to, digital cellular telephones; infrastructure used for the implementation of digital cellular telephones and placing digital telephone calls, accessories for digital cellular telephones, including headsets for same; Bluetooth compatible electronics for transmission of audio signals; Bluetooth telephone headsets; and such other and further devices that come within the scope of claim 20 of the '799 Patent.

(Am. Compl. ¶ 9.) Defendant argues that this could potentially include "hundreds of different wireless products and accessories, and an enormous range of digital cellular infrastructure equipment." (Def.'s Reply 8, April 14, 2008.) Defendant argues that Form 16 of the Federal

Rules of Civil Procedure, which sets forth an example of a basic complaint for patent infringement, does not apply in this case because of the "multitude of unspecified products" accused of infringement. (*Id.*)

Plaintiff argues that it is not required, at the pleadings stage, to allege with particularity the intent and/or knowledge required for inducement and contributory infringement. (Pl.'s Br. in Opp'n. 14, March 31, 2008.) Plaintiff argues that Defendant should recognize what "digital cellular telephones," accessories for digital cellular telephones, and "Bluetooth telephone headsets" are, given that it is the third largest provider of cellular phones in the country. (*Id.* at 6.) Plaintiff argues that the Complaint more than meets the minimum standards set by Form 16, and that under the Form, Plaintiff is not required to identify specific products or product numbers. (*Id.* at 12.) Finally, Plaintiff argues that it is not required to show, at the pleadings stage, exactly how Defendant's products have infringed on Plaintiff's patent. (*Id.* at 7.)

### III.  DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that a claim must provide "a short and plain statement...showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In the event that "a pleading .... is so vague or ambiguous that the party cannot reasonably prepare a response," Rule 12(e) permits a party to file for a more definite statement. FED. R. CIV. P. 12(e). Such motions "are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings." *Briley v. City of Trenton*, 164 F.R.D. 26, 30 (D.N.J. 1995).

Form 18 (formerly Form 16, and referred to in the case law and pleadings as Form 16) of the Federal Rules of Civil Procedure provides an illustrative example of a claim for patent infringement. FED. R. CIV. P. Appx. Form 18. The third paragraph provides an example, using

electric motors, of the level of specificity that is sufficient under the Federal Rules for identifying the products that infringe upon the patent(s) at issue and the manner in which the products infringe:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

FED. R. CIV. P. Appx. Form 18.  Form 18 does not require that the Plaintiff specify the exact product name, model number, or manner in which the offending products infringe upon the patent(s) at issue, or the connection between the patent(s) and the exemplary products.  Plaintiff's Complaint, which identifies the type of products ("such products include, but are not limited to, digital cellular telephones; infrastructure used for the implementation of digital cellular telephones and placing digital telephone calls, accessories for digital cellular telephones, including headsets for same; Bluetooth compatible electronics for transmission of audio signals; Bluetooth telephone headsets; and such other and further devices that come within the scope of claim 20 of the '799 Patent") is sufficient under this Form.  (Am. Compl. ¶ 9.)

Defendant argues that the basic minimum requirements of Form 16 do not suffice under circumstances such as the present, where such general allegations as above would result in a multitude of unspecified products.  (Def.'s Reply 8.)  Defendant relies on a case from the Northern District of California where the court granted a rule 12(e) motion.  *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D. Cal. Sep. 6, 2003).  In that case, over 150 "core technology platforms" or "types" of products, with over 4000 end-user applications, were implicated by the complaint.  *Id.* at *1.  In the present case, Defendant asserts that there are

"hundreds of products/types of equipment implicated" by the complaint.  However, the complaint in *Hewlett-Packard* did not specify any classes or types of products, but rather referred to "software and hardware products," a far more general term than the specific types of products alleged by Plaintiff.  *Hewlett-Packard* at *1.  Hewlett-Packard's complaint alleged that the defendant, "has been and is currently infringing, contributorily infringing, or inducing infringement of [the patents-in-suit] by, among other things, *making, using, offering to sell and/or selling infringing software and hardware products* without authority or license from [Plaintiff]" (*emphasis in original*).  *Id.*  In contrast to the present case, none of the allegedly infringing product types or technology platforms were identified in the complaint.

Defendant also relies on *Agilent Technologies, Inc. v. Micromuse, Inc.,* 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004), in which the court granted a Rule 12(e) motion where the complaint merely stated that infringement arose from the alleged fact that defendant "makes, sells, or offers products for sale . . . that infringe Agilent's patents." *Id.* at *6.  The Court noted:

> Although Agilent's papers submitted in opposition . . . suggest that Micromuse possesses at least four infringing products, those products have not been formally accused.  Under these circumstances, Micromuse is entitled to know which of its products or services are alleged to have infringed Agilent's patents and a more definite statement setting forth that information is appropriate.

In the present case, a number of the Defendant's products have been formally accused and a more definite statement is not warranted.

In addition, Defendant relies on *Taurus IP, LLC v. Ford Motor Company, et al.,* 539 F. Supp. 2d 1122 (W.D. Wis. 2008).  In *Taurus IP*, the court granted a Rule 12(e) motion where the complaint simply referred to "products and/or services, including, without limitation, products

5

that are available for configuration at," followed by a list of websites showcasing defendants' products.  *Id.* at 1124-1125.  The court stated:

> [a]lthough plaintiff lists a few examples of allegedly infringing products in its complaint, it fails to specify which claims it believes are infringed and seeks to assert infringement of many unspecified products . . . Plaintiff must provide a more definite statement identifying the claims it believes defendants' products infringe and listing all products it believes are infringing or providing a criteria by which defendants can identify the infringing products.

*Id*.  The *Taurus IP* court sought to avoid the burden to the Defendants of having to "wade through all the claims in a patent and determine which claims might apply."  *Id.*  In the present case, in contrast, the claim has been identified.  Furthermore, the categories of allegedly infringing products are not nearly as broad as those in *Taurus IP* and the Plaintiffs have identified types of infringing products.

Defendant further cites *In re Papst Licensing GmbH Patent Litig*., No. 99-3118, 2001 WL 179926 (E.D. La. 2001) in support of its Rule 12(e) motion.  In that case, an Eastern District of Louisiana Court granted a Rule 12(e) motion where there was a "total of 503 patent claims in twenty patents at issue," which required the defendant to interpret all 503 claims and compare each of them to every product that it marketed containing a hard drive disk.  *Id.* at *1.  The court granted the motion and noted that the number of patents and products in the case were far greater than those contemplated in the Federal Form 16 sample complaint.  *Id.*  In the present case, the Defendant has but one patent claim to compare its many products to, not 503.  Here, the stated purpose of the *In re Papst Court* in granting the Rule 12(e) motion - to "limit the number of comparisons" that the Defendant will have to make - has already been achieved by the narrower scope of the patent claims.  *Id.* at *2.

6

The crux of Defendant's request is that it wishes Plaintiff to specify the precise product names and numbers which allegedly infringe, and that the limiting parameters be crafted so as to not include such a wide array of Defendant's products.  However, Defendant cites no authority to establish the requirement that a complaint specify the allegedly infringing products with that level of precision.  Defendant also fails to establish that a complaint including a wide array of products is defective for lack of intelligibility.  Indeed, courts in other circuits have rejected the notion that such specificity is required, leaving it to discovery to narrow the scope of the allegedly infringing products.

*Symbol Technologies, Inc. v. Hand Held Products, Inc.* illustrated that there is no binding precedent that requires a complaint to provide notice of which of defendant's products infringe claims under the applicable patents.  2003 U.S. Dist. LEXIS 21002 at *2 (D. Del. Nov. 14, 2003).  Similar to the present case, the crux of the defendant's motion in *Symbol Technologies* was "that [the Plaintiff's] complaint is simply too large."  *Id.* at *3.  However, the *Symbol Technologies* court stated, "there are, however, a finite number of claims and a finite number of infringing products.  Consequently, the court finds that traditional mechanisms of discovery are the proper tools to refine the scope of this litigation."  *Id.*  In the present case, the Defendant has not provided a sufficient basis for the Court to find that discovery is any less proper to refine the scope of the litigation.  In fact, Plaintiff's Complaint in the present case actually pleads with greater specificity than the complaint in *Symbol Technologies*.  Here, the Complaint identifies the claim on the patent and lists categories of products that allegedly infringe.

Even less specific claims of patent infringement survived a Rule 12(e) motion in *Oki Elec. Industry Co. Ltd. v. LG Semicon Co., Ltd.*, 1998 WL 101737 (N.D. Cal. 1998).  In *Oki*

*Electric*, direct, contributory and inducement infringement were alleged on not one but five patents. *Id.* at *1. Defendants argued that the complaint referred "vaguely and generically to nearly all of Defendants' product line." *Id.* at *3. Nevertheless, the Court denied the Defendants' Rule 12(e) motion on the grounds that such allegations were sufficiently similar to Form 16 and that "[n]o more specificity is required in a patent case at the pleading stage." *Id.* at *4.

A case cited by the Defendant which supports the notion that more is needed for contributory and induced infringement than what was alleged in the present complaint is *Hewlett Packard v. Intergraph*. In that case, the court held that "an inducement claim requires allegations of . . . direct infringement by someone other than the inducer." 2003 WL 23884794 at *2. The *Intergraph* court also held that a claim for contributory infringement requires the plaintiff to allege that the defendant "offered to sell or sold a 'component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent.'" *Id.* (citing 35 U.S.C.A. § 271). However, the case law is not consistent on this issue. For example, *Agilent v. Micromuse*, which Defendant cites as an example of a successful Rule 12(e) motion, denies that the complaint must "identify the primary infringer with respect to the contributory and inducement claims," and denies relief to the defendant with respect to the identity of any of the primary infringers. 2004 WL 2346152 at *6.

Finally, in none of the above cited cases does the complaint specify the connection between the patent claim and the allegedly infringing product. Form 18 does not include any provisions that specify the connection between the patent at issue and the allegedly infringing

8

products, nor does Defendant convince the Court that there should be such an alleged connection in the present complaint.  FED. R. CIV. P. Appx. Form 18.

## IV.  CONCLUSION

The Defendant failed to convince the Court that it should require the Plaintiff, at the pleadings stage, to specify the connection between the patent claim at issue and the allegedly infringing products, or to separate claims by type of infringement, or provide any greater detail with respect to the type of infringement than what it has already provided in its Complaint. There is some case law holding that an excessively broad description of the allegedly infringing products may in some situations be sufficiently vague as to warrant the granting of a Rule 12(e) motion.  However, such is not the case here.  The Court finds that the Complaint in this case is not so vague or ambiguous that the Defendant cannot prepare a response.  Accordingly, the Defendant's Motion for a More Definite Statement is hereby DENIED.


                                                               *s/ Michael A. Shipp*
                                                             **HONORABLE MICHAEL A. SHIPP**
Dated: August 27, 2008                              **United States Magistrate Judge**