NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DIGITAL TECHNOLOGY LICENSING, LLC, | Civil Action No. 07-5432 (SRC) |
| Plaintiff, | **OPINION** |
| v. | |
| SPRINT NEXTEL CORPORATION, | |
| Defendant. | |
| SPECTRUM L.P. and SPRINT SPECTRUM EQUIPMENT COMPANY, L.P., | |
| Third-Party Plaintiffs, | |
| v. | |
| SANYO NORTH AMERICA CORPORATION, KYOCERA COMMUNICATIONS INC., and PALM, INC., | |
| Third-Party Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on Third-Party Defendant SANYO North America

Corporation's ("Sanyo" or "Third-Party Defendant") motion to dismiss Third-Party Plaintiffs

Sprint Spectrum L.P.'s and Sprint Spectrum Equipment Company, L.P.'s (collectively "Sprint"

or "Third-Party Plaintiffs") Third-Party Complaint ("Complaint") [docket entry 129]. Sprint has opposed the motion. Sanyo also petitions this Court to stay a portion of the litigation pending arbitration [docket entry 165], which has been opposed by Plaintiff Digital Technology Licensing LLC ("DTL"). This Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Sanyo's motion to dismiss the Complaint and will transfer the third-party action to the District of Kansas, thereby dismissing Sanyo's motion to stay as moot.

I.  BACKGROUND

Sprint Nextel Corporation, through its wholly owned subsidiaries Sprint Spectrum L.P. and Sprint Spectrum Equipment Co., L.P., purchases and sells digital cellular products from numerous manufacturers, including Sanyo. On September 8, 1998, Sprint and Sanyo entered into a Subscriber Unit Purchase and Supply Agreement ("Agreement") under which Sanyo agreed to defend, at its own expense, all suits and claims against Sprint and its affiliates for infringement of any patent of any third-party alleged to cover cellular phones. In addition, the Agreement contains a forum selection clause that vests jurisdiction over any suit or legal proceeding arising out of or relating to the Agreement in the United States District Court for the District of Kansas.

DTL initiated this action in this forum against Sprint Nextel Corporation on November 9, 2007, asserting that digital cellular phones sold by Sprint infringed on its '799 patent. On May 18, 2010, Sprint filed a third-party action against Sanyo seeking indemnification for any liability related to any Sanyo products sold to it which infringed on DTL's patents. Sanyo now moves to dismiss the Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Sprint

fails to state a claim upon which relief can be granted because of the parties' contractual agreement to litigate in Kansas. Sanyo also urges dismissal under Fed.R.Civ.P. 12(b)(3), contending that this Court is not a proper venue since the action can only be heard in the District of Kansas. In response, Sprint avers that enforcement of the forum selection clause contained in the Agreement would be unreasonable and that this Court is therefore the proper venue for this action.

## II.   DISCUSSION

Venue questions in federal court are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). As the Third Circuit has explained, "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Inc. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

As a threshold matter, the Court concludes that section 1406 is inapplicable here because the original venue, being the District of New Jersey, is proper. Under the federal venue statute, an action based upon diversity of citizenship may be properly filed "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). This district is where the subject matter of the dispute is located and where both parties transact business. We reject Sanyo's argument that the original venue is improper because the forum selection clause specifies litigation elsewhere. This is not the applicable legal standard. *See Barbuto v. Medicine Shoppe Int'l, Inc.*, 166 F. Supp. 2d 341, 347-48 (W.D. Pa. 2001). Since venue is proper in this

Court, Third-Party Defendant's motion will be denied insofar as it seeks dismissal under section 1406.

Sanyo's motion to dismiss is based upon the terms of a forum selection clause contained in the Subscriber Unit Purchase and Supply Agreement between the parties. The forum selection clause at issue in this case states as follows:

> [Sanyo and Sprint] each hereby irrevocably (a) agrees that any suit, action or other legal proceeding arising out of or relating to this Agreement will be brought in the Federal Court for the District of Kansas which court will have exclusive jurisdiction over any controversy arising out of this agreement . . .

(Def.'s Mot. to Dismiss at 2, Nov. 12, 2010.)

A forum selection clause is prima facie valid "and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). As the Third Circuit has defined the term, a forum selection clause is "unreasonable" if the resisting party can make a strong showing that the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court or that the clause was procured through fraud or overreaching." *Foster v. Chesapeake Ins. Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (citations and internal quotations omitted).

The plain language of the forum selection clause encompasses this action within its scope and suggests that venue in Kansas is mandatory. Third-Party Plaintiffs do not contend that the forum selection clause was procured through fraud or overreaching. In fact, the Agreement was a freely negotiated contract entered into by two sophisticated business entities that expressed a mutual preference for Kansas venue. *See The Bremen*, 407 U.S. at 12 (emphasizing that choice

4

of forum was made in arms-length negotiation between sophisticated businessmen). Furthermore, Third-Party Plaintiffs have made no attempt to bear their substantial burden of demonstrating that the chosen forum would be "so gravely difficult and inconvenient" as to deprive them of their day in court.

  Instead, Third-Party Plaintiffs argue that Kansas is an unreasonable forum since Sprint must defend its patent infringement case in New Jersey, the result of which is central to any indemnity suit. According to Sprint, enforcement of the forum selection clause would "create parallel proceedings in different forums on the same set of facts and legal issues." (Pl.'s Opp'n Br. at 6, Feb. 18, 2011.) However, Sprint has made no demonstration that there is any overwhelming factual or other correlation between Sanyo's contractual or common law obligation to indemnify and the underlying patent infringement lawsuit. The indemnity suit between the parties solely concerns the contractual interpretation of their Agreement, an issue which is not integrally related to the underlying suit. Accordingly, we find that Sprint has failed to overcome the presumption that the forum selection clause is valid.

  While 12(b)(6) and 12(b)(3) dismissals are a permissible means of enforcing a valid forum selection clause that allows suit to be filed in another federal forum, the Third Circuit has noted that "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001). The Third Circuit has held that section 1404(a) transfers are discretionary and in exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to

5

protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007). This evaluation calls for this Court to balance various private and public interests related to the transfer. *Jumara*, 55 F.3d at 879. In *Jumara*, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)." *Id.* The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

Since the Agreement here includes a valid and enforceable forum selection clause which specifies a federal forum which would have jurisdiction over this matter, the Court declines to dismiss the action under Fed.R.Civ.P. 12(b)(6) and will consider whether the venue in this matter should be transferred to the District of Kansas. While section 1404(a) requires a district court to balance a number of case-specific factors, the "presence of a forum-selection clause … will be a significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 30. Although not dispositive, a forum selection clause is to be given "substantial consideration" and

overcomes a court's usual deference to the plaintiff's choice of forum. *Jumara*, 55 F.3d at 880. The significant weight accorded a forum selection clause in a court's section 1404(a) balancing reflects the fact that "a forum selection clause is … a manifestation of the parties' preferences as to a convenient forum." *Id.* Therefore, the parties' choice of Kansas as the requisite forum is given significant weight with regard to the required balancing factors.

While the forum selection clause is not dispositive of the question of whether a transfer of venue under section 1404(a) is warranted, the balance of *Jumara*'s private and public interest factors also weigh in favor of transfer in this case. The first and second private factors, which consider the parties' forum preference, tilt in favor of transfer. Third-Party Plaintiffs clearly prefer New Jersey, while Third-Party Defendant would like the action to proceed in Kansas. In considering a 1404(a) motion to transfer, great weight should typically be given to a plaintiff's choice of forum. *See Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). In this case, Sprint's choice is accorded less deference because, as a Kansas resident, they have selected a foreign forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). In addition, a forum selection clause overcomes a court's usual deference to the plaintiff's choice of forum. *Jumara*, 55 F.3d at 880. Therefore, Third-Party Defendant's Kansas preference prevails here. The third factor, concerning where the claim arose, does weigh in favor of New Jersey since it is where the original action arose and is proceeding. The fourth factor, which considers the convenience of the parties as indicated by their relative physical and financial conditions tips the balance in the favor of Kansas where Sprint is headquartered, as compared to New Jersey where neither party is located. As to the remaining private interest factors, which both deal with ease of access to evidence, the Court finds that they are neutral factors since this case is a matter

of contract interpretation to be resolved by a court.

Turning to the public factors, the Court concludes that they favor transfer. Most of the factors - enforceability of judgment, relative administrative difficulty, fora's public policy and familiarity of trial judge with applicable state law - bear no significance in the analysis. And, practical considerations do not strongly favor New Jersey over Kansas. However, Kansas has a greater interest than New Jersey in deciding this action since it is a dispute involving one of its home-state businesses. Thus, on balance, the Court finds that Third-Party Defendant has shown that the relevant private and public factors weigh in favor of transfer.

The Court has determined that the forum selection clause in the Agreement is valid and that the Third-Party Plaintiffs have not met their burden of demonstrating why they should not be bound by their contractual choice of forum. Weighing the Section 1404(a) factors described above in light of the forum selection clause, the Court finds that transfer to the District of Kansas is appropriate in this case. Accordingly, Sprint's third-party action against Sanyo will be transferred to the District of Kansas, rendering Sanyo's motion to stay the proceedings pending arbitration moot[1].

---

[1] The Court notes that Sprint sought to stay this entire lawsuit pending arbitration between DTL and Panasonic Corporation. The Court simply sees no basis upon which it can properly stay this entire suit based upon an arbitration agreement between Plaintiff DTL and a non-party. To the extent Sprint wishes to pursue its application to stay the claims between itself and Sanyo based upon an arbitration agreement, the matter will be decided by the transferee court. The Court does, however, note that it is somewhat unique for the party filing the third-party action to essentially seek to stay its own claim pending an arbitration.

**III.     CONCLUSION**

For the foregoing reasons, Third-Party Defendant's motion to dismiss and motion to stay will be denied and the Court will order the case to be transferred to the United States District Court for the District of Kansas.  An appropriate form of order will be filed together with this Opinion.

                                        s/Stanley R. Chesler
                                   STANLEY R. CHESLER
                                   United States District Judge

DATED: May 19, 2011