UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC,<br><br>                Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION,<br><br>                Defendant.<br><br>SPRINT SPECTRUM L.P. and SPRINT SPECTRUM EQUIPMENT COMPANY, L.P.,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>SANYO NORTH AMERICA CORPORATION, KYOCERA COMMUNICATIONS, INC., AND PALM INC.,<br><br>                Third-Party Defendants. | Civil Action No. 07-5432 (SRC)<br><br>**OPINION** |

CHESLER, District Judge

      This matter comes before the Court upon Third-Party Defendant Palm, Inc.'s motion to dismiss Third-Party Plaintiffs Sprint Spectrum L.P. and Sprint Spectrum Equipment Company, L.P.'s (collectively "Sprint") Third-Party Complaint [docket entry no. 199]. Third-Party Plaintiffs have opposed the motion. The Court will rule based on the papers submitted and

without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

## I. BACKGROUND

This action was initiated on November 9, 2007. On May 18, 2010 Sprint filed a third-party action against Palm. Sprint brings claims under a purchase agreement between Sprint and Palm. This same agreement states that all disputes between Sprint and Palm shall be submitted to arbitration in New York City. (Miller Decl., Ex. 1 at ¶ 24.2). Palm filed the instant motion on May 27, 2011.

## II. DISCUSSION

In determining whether a dispute must be submitted to arbitration, a court must consider two elements, whether "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). Neither party disputes either of these factors. Rather, Third-Party Plaintiffs claim that Palm has waived its right to compel arbitration. The Third Circuit has indicated a set of factors relevant to the waiver inquiry; these include:

> (1) the timeliness or lack thereof of a motion to arbitrate...; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; (4) the extent of its non-merits motion practice; (5) its assent to the court's pretrial orders; and (6) the extent to which both parties have engaged in discovery.

*Nino v. Jewelry Exch. Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) (quoting *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 926-27 (3d Cir. 1992)). Palm filed the instant motion seven months after it filed its answer. This simply does not prejudice Sprint to the extent that Palm

shall be deemed to have waived its right to compel arbitration.

Having found that Palm has not waived its right to compel arbitration, Sprint argues that the action should be stayed, not dismissed. This Circuit has held that its courts do not have jurisdiction to compel arbitration in a different forum, and when faced with such circumstances, have dismissed, not stayed the action. *Port Erie Plastics, Inc. v. Uptown Nails, LLC*, 173 F. App'x 123, 127 (3d Cir. 2006). Because the agreement between the parties mandates arbitration in New York City, this Court will dismiss the action.

### III. CONCLUSION

This Court does not have jurisdiction to compel arbitration and will therefore grant Palm's motion to dismiss. An appropriate form of Order will accompany this Opinion.

        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

DATED: August 1, 2011